**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SCOTT A. KIEFNER, | ) |
|         Plaintiff, | ) |
| vs. | )    No. 1:08-cv-1160-TWP-TAB |
| DOUGLAS ARNOLD Indianapolis Police Officer, | ) |
|         Defendant. | ) |

**Entry**

Plaintiff Scott A. Kiefner's Motion for Clarification [dkt. 33] is **granted** consistent with the following: On August 28, 2008 Plaintiff brought this cause of action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth Amendment rights. On December 23, 2008 Plaintiff filed a motion to stay proceedings or in the alternative dismiss cause without prejudice so that he could resolve his pending criminal matters, in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's motion was granted and this action was dismissed without prejudice on December 29, 2009 [dkt. 19 and 20]. Because the matter was dismissed without prejudice, Plaintiff is now seeking to re-open this action. However, he is not permitted to do so. A dismissal without prejudice does not permit a party to re-open a dismissed action, rather, a motion to dismiss without prejudice simply means there was no decision on the merits and the parties are free to litigate the matter in a subsequent action without the defendant invoking the doctrine of res judicata in any later action by the plaintiff on the subject matter. There is nothing in the judgment that was entered in this action on December 29, 2008, that prevents the Plaintiff from filing a new action on the subject

matter. However, the Plaintiff must follow the proper procedure to open a new action which is set forth below.

There is one and only one means by which to commence a civil action in federal court. That means is through the filing of a complaint. *In re Allied Signal Corp.*, 915 F.2d 190, 192 (6th Cir. 1990) ("an action is commenced with the filing of a complaint rather than a motion"); 1 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 3.02[1] (3d ed.2000) ("an action is not commenced by . . . filing a motion with the court . . . .").

The Plaintiff's motion for clarification does not constitute a complaint. Accordingly, it presents nothing for the Court to act upon. According to Rule 3 of the Federal Rules of Civil Procedure, a civil action is commenced upon the filing of a complaint with the Court. If the Plaintiff wishes to file a lawsuit, he must file a complaint, and in doing so he shall be guided by the following: (a) the complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."; (b) the complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the complaint shall contain a clear statement of the relief which is sought. If the plaintiff takes that step (submitting a complaint) he contemporaneously must either pay the $400.00 filing fee or move for leave to proceed in forma pauperis and demonstrate that he lacks the financial ability to pay the fee.

**The clerk is instructed** to attach a copy of a blank pro se prisoner complaint form to this Entry.

IT IS SO ORDERED.

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

Date: 11/2/2016

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SCOTT A. KIEFNER
105037
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically registered counsel